# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.K.**

**No. 15-0419** (Marion County 13-JA-39)

FILED

October 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Grandmother C.S., by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's March 9, 2015, order terminating her custodial rights to C.K. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Robyn M. Danford, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her custodial rights upon erroneous findings.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, the DHHR received a referral that the Fairmont City Police were dispatched to petitioner's residence because an individual overdosed on drugs inside the home. It was also reported that the police arrested a man in the home for possessing marijuana, hydrocodone, and other substances, and that an individual was smoking marijuana on the front porch of the house. According to reports, syringes were found in the home, the drugs which the individual overdosed on came from the home, and the child was at home when the incident occurred. Petitioner is the child's maternal grandmother and has served as his primary caretaker since his mother's death. As a result of these referrals, a Child Protective Services ("CPS") worker investigated. Law enforcement confirmed these reports to the CPS worker, including that drugs, syringes, and other drug paraphernalia were found in the home. The CPS worker spoke with petitioner, who indicated that the child stayed home during the day with her oldest grandson, N.S. However, petitioner denied that N.S. acted as a caregiver to the child, since he lived in the basement, and that she did not see anything wrong with leaving the child home unsupervised for extended periods of time. Petitioner also denied any knowledge of drugs being

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

used or sold in the home. The CPS workers also observed several weapons, such as swords and knives, that the child could access. The child was removed from the home that evening.

Thereafter, the DHHR filed an abuse and neglect petition and alleged that petitioner allowed the child access to drugs and weapons and otherwise failed to be aware of dangerous conditions in the home. The circuit court then granted petitioner a pre-adjudicatory improvement period and referred petitioner for a psychological functioning assessment in August of 2013. Petitioner told the psychologist that she would not allow N.S. back in the home upon his release from jail. C.K. was later returned to petitioner's home. In October of 2013, respondents informed the circuit court that petitioner did not successfully complete the terms of her improvement period and that the matter should proceed to adjudication. The circuit court held a review hearing on petitioner's improvement period in that same month. During the hearing, the circuit court ordered petitioner to provide proof of N.S.'s independent address in order to assure he was no longer in the home; maintain a safe and habitable home; and obtain proof of progress from her therapist that she was remedying the issues that led to C.K.'s removal.

Thereafter, the circuit court held the first of three adjudicatory hearings beginning in December of 2013 and concluding in April of 2014. The circuit court heard testimony from several CPS workers, petitioner's service providers, petitioner, N.S., and other witnesses. Ultimately, the circuit court found that petitioner abused and/or neglected C.K. based upon several factors, including her failure to meet his medical, educational, and behavioral needs, leaving him unattended for long periods of time, and allowing him to be exposed to dangerous situations, including ongoing drug use in the home. Petitioner moved for a post-adjudicatory improvement period, but the circuit court deferred ruling on that motion. The circuit court then held a dispositional hearing in February of 2015 and heard testimony from the child's therapist, petitioner's therapist, DHHR employees, and others. The circuit court found that petitioner was previously informed of the conditions she needed to complete in order to demonstrate a willingness and ability to correct the conditions of abuse or neglect, but that she failed to comply with these directions. Ultimately, the circuit court terminated her custodial rights to the child but allowed her post-termination visitation. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

2

Syl. Pt. 1, *In re Cecil T*., 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner does not cite to a single case in support of her arguments and only makes one broad reference to West Virginia Code § 49-6-5 in arguing that the circuit court erred in terminating her parental rights. In approximately six pages of argument, petitioner cites one lone authority to support her four assignments of error.[2] This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. While it does contain specific citations to the record on appeal, it is lacking in citations to applicable authority and fails to contain even a standard of review. Thus, petitioner's assignments of error were not properly developed on appeal. However, despite petitioner's failure to preserve these issues for appeal, the Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignments of error.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 9, 2015, order is hereby affirmed.

Affirmed.

---

[2]Despite petitioner alleging four separate assignments of error relating to the circuit court's findings and termination of her parental rights, her argument on appeal can more succinctly be set forth as alleging that the circuit court erred in terminating her custodial rights upon erroneous findings.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II